## BARROW v. BOOTH. (No. 6510.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 9, 1921. Rehearing Denied March 3, 1921.)

1. Brokers ⬤➡67(2)—Broker held not to represent person approached so as to be entitled to commission from him.

Where broker had land listed with him for sale or exchange and approached another in the prosecution of his agency, an agreement of such third person to trade for the land represented by the broker would not constitute the latter the agent of such third person, and he could not recover a commission from such third person unless the latter agreed to pay the commission for the exchange, and could not recover on a quantum meruit where such third person did not understand that the broker was working for him.

2. Work and labor ⬤➡4(1)—Quantum meruit rests on knowledge of rendition of services.

The law as to quantum meruit rests on the principle that a person will be compelled to pay for services if he stands by and permits another to render such services under such circumstances as to convince any reasonable man that they were being done with the expectation of being paid for, and no effort is made to prevent the rendition of such services, but such proposition of law is based upon the knowledge of the person served that the services were being rendered for him, and not some other person.

Appeal from Travis County Court; D. J. Pickle, Judge.

Action by T. H. Barrow against C. E. Booth. Judgment for defendant, and plaintiff appeals. Affirmed.

Fiset & Shelley, of Austin, for appellant.

George Mendell, Jr., and Dickens & Dickens, all of Austin, for appellee.

FLY, C. J. Appellant sued appellee to recover commissions alleged to be due him for effecting an exchange of properties between appellee and W. E. Long. The cause was submitted to a jury on special issues, and on the answers thereto judgment was rendered that appellant take nothing by his suit and pay all costs.

[1] The first assignment of error assails the response to the first special issue, which was as to whether appellee authorized appellant to negotiate with Long as to an exchange of the properties. That answer was in the negative, which appellant contends is contrary to the uncontroverted evidence. To establish this contention he copies the testimony of appellant, but does not copy, in full, the testimony of appellee which is antagonistic in a number of particulars to that of appellant. In fact, appellee swore postively that he did not make appellant his agent, but deemed him the agent of Long and at no time agreed to pay him any commission. Appellee stated that he acted for himself and never had appellant as an agent. There was evidence to sustain the finding of the jury. The evidence did not present a case of appellee causing appellant to act in the matter of procuring an exchange of properties. That had already been caused by Long, and appellant approached appellee as the agent of Long. Appellant admitted that he approached appellee after the land of Long had been listed with him for sale or exchange. He approached appellee in the prosecution of his agency from Long, and the agreement of appellee to trade for the land represented by appellant would not constitute the latter the agent of appellee, and appellant could not recover from appellee unless the latter expressly agreed to pay one-half the commissions for the exchange. Appellant could not recover on a quantum meruit, because appellee did not understand that he was working for anybody but Long.

[2] The law as to quantum meruit rests on the principle that a person will be compelled to pay for services if he stands by and permits another to render such services, under such circumstances as to convince any reasonable man that they were being done with the expectation of being paid for them, and no effort is made to prevent the rendition of such services. This proposition of law is based upon the knowledge of the person served that the services were being rendered for him, and not some other person, and liability will depend upon the facts of each case. The mere performance of the services by an agent is not of itself sufficient to raise the inference of a promise to pay. The services rendered must be expressly or impliedly rendered in order to create an inference of a promise to pay. Where a person is employed by a principal to perform certain services, as in obtaining a purchaser for land either in money or on an exchange of properties, services performed in and about this employment will not usually be presumed to have been performed for the buyer or the party sought for an exchange. According to the testimony of appellee, which the jury saw proper to credit, he gave no authority to appellant to act for him, and believed that he was acting as the agent of Long in performing services in connection with the exchange of the properties. Being ignorant of the fact that the services were being performed for any other than the principal of appellant, appellee cannot be held on an express contract or on a quantum meruit.

The evidence justified the answers of the jury, and all of the assignments of error are overruled.

The judgment is affirmed.

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes