## PARKS v. KELLEY.
### No. 5253.

Court of Civil Appeals of Texas. Amarillo.
Jan. 27, 1941.

Joseph H. Aynesworth, of Borger, and J. L. Lackey, of Stinnett, for appellant.

J. W. Spivey, Jr., of Borger, and W. L. McConnell, of Panhandle, for appellee.

JACKSON, Chief Justice.

This is a suit by appellee, W. L. Kelley, to recover the sum of $960 from the appellants, Thomas Parks and his wife, Sallie Parks, for services appellee claims to have rendered to appellants as a pharmacist.

He alleges that appellants by contract employed him to work in their drugstore from January 1, 1935, to August 1, 1937, and agreed as a consideration for his services to furnish him an apartment for $20 per month and to pay him in addition $30 per month in money. He pleads the oral contract in sufficient detail; alleges that he is entitled to a balance of $960 which appellants refuse to pay. The appellee also sought to recover in the alternative—on a plea of quantum meruit—the reasonable value of his services from January 1, 1935, to August 1, 1937.

The appellants answered by demurrers, pleaded the coverture of Mrs. Parks, general denial, res judicata and estoppel based on the opinion of this court in a former appeal reported in 126 S.W.2d 534, and in addition urged as a defense the statutes of two and four years limitation. Vernon's Ann.Civ.St. arts. 5526, 5527.

The court sustained Mrs. Parks' plea of coverture and decreed that she go hence with her cost.

The jury found in effect in answer to the special issues submitted by the court that appellants had not agreed to pay appellee for his services for the time involved but that appellee had performed services for appellants with their knowledge and consent between September 16, 1935, and August 1, 1937, and that the value of such services in addition to the use and occupancy of the apartment furnished was $7 per month.

On these findings the court rendered judgment that appellee recover the sum of

$157.50 with interest thereon at the rate of 6% per annum from the 1st day of August, 1937, and cost, from which judgment this appeal is prosecuted.

The appellant assigns as error the action of the court in submitting to the jury the issue on quantum meruit because he asserts such issue was not sufficiently alleged to authorize a recovery thereon.

The appellee alleged in the alternative that he had duly performed the services as clerk and registered pharmacist for the appellants in their drug store from January 1, 1935, until August 1, 1937, with the knowledge and consent of, and for the benefit of, appellants who knew that he expected remuneration in addition to the use of the apartment and that such services were of the reasonable value of $50 per month, amounting in the aggregate to $1,550; that appellants were entitled to a credit for rent at $20 per month on the apartment, leaving a balance of $930 unpaid, and that by reason thereof the appellants were due him the reasonable worth of his services with legal interest which they refused to pay.

In our opinion these allegations were sufficient to authorize the submission of the issue of quantum meruit to the jury.

In Chambers v. Wyatt, Tex.Civ.App., 131 S.W. 864, 865, the court holds that quantum meruit was sufficiently pleaded where the petition alleged: "It was further alleged that after the conveyance, and until a short time prior to her death, Catherine Williams had worked for Chambers as a servant, and the reasonable value of her service was $3 per week."

See also Burton v. Ross, Tex.Civ.App., 251 S.W. 526; Mood v. Methodist Episcopal Church South, of Cisco, Tex.Com.App., 296 S.W. 506; Beckner et al. v. Barrett, Tex.Civ.App., 81 S.W.2d 719.

Quantum meruit is founded upon the rule that it is inequitable for a party to refuse to pay for the benefits he received or for work performed for him with his knowledge and consent by someone who is authorized to expect remuneration therefor.

The appellant requested the court to direct a verdict in his behalf and assigns error in the failure of the court to comply with this request. However, this issue is not briefed, but an examination of the facts convinces us that the court properly sub-mitted the case to the jury. The testimony shows that appellant's pleas of limitation were not tenable, since the cause of action on a quantum meruit does not accrue nor limitation begin to run until the services are performed or the obligation repudiated with knowledge of the obligee. 45 Tex. Jur. 330, para. 20. The opinion on the former appeal does not sustain the plea of res judicata.

Finding no error presented, the judgment is affirmed.