MEIER et al. v. MURPHY.
No. 11944.

Court of Civil Appeals of Texas. Galveston.
Jan. 15, 1948.

Appellants' and Appellee's Rehearing Denied Feb. 5, 1948.

Cole, Patterson, Cole & McDaniel, of Houston (Robert L. Cole and Richard R. Cole, both of Houston, of counsel), for appellants.

M. M. Williams and R. E. Dobyns, both of Houston, for appellee.

GRAVES, Justice.

This appeal is from a $2,752.63 judgment, in favor of the appellee against the appellants (that is, A. E. Meier, and his surety on several bonds he executed, Fidelity & Deposit Company of Maryland), of the 113th District Court of Harris County (Honorable Phil D. Woodruff, Judge Presiding), entered in part upon a jury's findings in response to some 23 Special Issues

submitted, and in part upon three reports of an auditor appointed by the court, its modus operandi—in so entering its decree —having been therein re-cited to be this: "The Court being of the opinion that in rendering judgment for the plaintiff such amount as found by said auditor as due the plaintiff by the defendant should be used as a base-figure between the parties, and that the findings of the jury should be substituted for certain findings by the auditor."

Under an oral agreement, Murphy and Meier had conducted a business partnership between them, called "The Market Produce Company", from September 12, 1943, to June 30, 1944, dealing in produce.

This suit, involving an accounting between them as such firm, for the entire duration of the partnership, was filed by the appellee as plaintiff against the appellant Meier as defendant, wherein he sought recoveries, in substance, as follows: (1) For an accounting for profits, (2) for the value of certain physical properties retained by the appellant, (3) for the rental value of the use of both a Dodge and a Chevrolet truck, (4) for damages for loss of the use of one of these trucks, due to the alleged actions of the appellant in retaining his gasoline coupons, and (5) for certain repairs, claimed to have been necessitated by the use of the trucks in behalf of such business partnership.

The appellant denied generally all the claims so declared upon by the appellee, at great length, excepting to the reports so made by the auditor appointed by the court as to the status of the accounts in issue between the parties—even to the extent of moving the court to expunge such reports entirely and nullify its appointment of the auditor himself, on the ground that the lack of books and data preserved by the partnership had been inadequate as a basis for any competent auditor's deduction of any usable result therefrom; at the same time, his brief recites: "No error is urged by the defendant as to the findings of the auditor in his several audits and reports."

He then, by way of cross-action, sued the appellee for both actual and exemplary

damages, on the claim that he had wrongfully and maliciously, as ancillary to his suit against the appellant, sued out writs of attachment against the latter's property, under bonds upon which the appellant deposit company had been his surety.

In the special issues submitted by it, the trial court literally cross-examined the jury upon all the matters of fact thus raised in the whole controversy between the parties. The first of these had to do with the primary and controlling difference between them, not only as to the status of their accounts at the termination of the partnership, but also as to what had been, in its inception, the controlling terms of their agreement itself—that is, whether or not it was then agreed between them that the two trucks, which admittedly belonged wholly to the appellee, were to be bought at that time by the partnership—the Market Produce Company—from him at $1,500; aside from his general denial, as indicated, that was the controlling defense on the facts the appellant made against the appellee's suit against him for the rental value of the trucks.

The appellee denied any such partnership purchase, pleading that it had been at the beginning refused, and that the use of the trucks had been entered upon and continued throughout the life of the partnership, under the expectation of both parties that the reasonable rental value thereof would accrue and be paid to the appellee thereon.

Wherefore, the court so first inquired of the jury: "Do you find from a preponderance of the evidence that it was agreed by both the plaintiff O. P. Murphy and the defendant A. E. Meier that O. P. Murphy was selling his equity in his Chevrolet and Dodge trucks to the partnership Market Produce Company for $1,500?" The jury answered such inquiry "No".

The court then, in issues 2 and 3, further inquired what the reasonable rental value of each of the trucks had been for the use made of it by the partnership company during the time it had been used in such business, which the jury answered by stating "$750.00" for the Dodge truck, and "$1425.00" for the Chevrolet truck.

Appellant devotes its first five points of error and more than one-half of its main brief to its contention, as follows:

"These issues did not in any way inquire as to plaintiff's right to recover such rental value so inquired about, and as found by the jury, and no separate special issue in this regard was submitted or requested by plaintiff.

"With the verdict in this condition, it is the defendant's contention that the trial court was without authority to proceed to enter judgment in favor of plaintiff for one-half of the rental-value of his trucks, as found by the jury—in that there was absolutely no basis in the verdict for the entry of such a judgment."

"It devolves upon a person seeking to recover upon an implied contract to establish facts and circumstances from which the law will imply a promise. Where the evidence is undisputed, the question as to whether or not it shows an implied contract is one of law for the court."

█ These points are overruled, without undertaking to follow through its length the comprehensive argument made in support thereof in appellants' brief, under the citation of many authorities. This Court's view upon the whole is that the trial court, in the state of this record, was correct, not only in holding the jury's findings on these stated special issues to have been supported by the evidence before it, but also that they comprehended the controlling issues raised by the pleadings and the proof as to the appellee's declaration that he had been entitled to the rental values the jury so fixed in his favor on the respective trucks; in other words, it is held that the requirements of the concluding one of appellant's statement of the rules of law he depends upon in this connection, which he cited and copied from 10 Tex.Jur., Contracts, Section 8, Page 21, was met by the appellee in this instance; that is to say, he established by his pleadings and evidence, facts and circumstances, from which the law implied a promise upon the part of the appellant to pay him the reasonable rental value of both trucks during the times they were so used in the partnership business. That being the conclusively established background,

the trial court was well within its province in so holding, in effect, and in thereupon proceeding to elicit from the jury what such reasonable rental value had been.

The authorities the appellant so freely quotes, therefore, when applied to such a factual basis, do not sustain him, but rather uphold the trial court's action.

From this it follows that there was no infraction of Rule 279, Texas Rules of Civil Procedure, as is further contended by the appellant.

In further substantiation of the trial court's action on this feature, the appellee, among others, cites these authorities: Siler v. Barber, Tex.Civ.App., 29 S.W.2d 829; Parks v. Kelley, Tex.Civ.App., 147 S.W.2d 821; 47 C.J., P. 788.

A distinction between the states of fact ruling the particular holdings the appellant relies upon as having determined the question of when an implied promise to pay a disputed claim will arise, differently from that so determined by the trial court in this instance, is that here the entire contract was verbal, no article of the partnership agreement having been committed to writing; so that, when the jury—on sufficient evidence—found that no such agreement to purchase the trucks, as appellant solely depended upon, had been made, all the other incidents of what their resulting partnership agreement had been were either undisputed or conclusively shown—that is, the appellee owned individually the two trucks; they were being used, and it was mutually contemplated would continue to be used exclusively in the partnership business, and the appellee would expect to be reimbursed for such use, at least for what might be the reasonable and fair rental value thereof.

Indeed, if the appellant, knowing all of these attending conditions and circumstances at that time, as he was indisputably shown to have known, had not then so contemplated that the appellee did and would continue to expect such rental, it becomes difficult to perceive what he had in mind in proposing a purchase of them by the firm, if it was not to thereby eliminate an existing overhead expense in, or otherwise to promote the prosecution of its business.

■ Under points 6 and 7 appellant complains of the trial court's entering judgment against him, on the jury's findings under special issues 7 and 8, that appellant refused to deliver to appellee the latter's gasoline coupons for the period of July 1 to October 1 of 1944, on the Dodge and Chevrolet trucks, after the dissolution of their partnership, and that such refusal constituted the proximate cause of the appellee's loss of the use of his Chevrolet truck for that period of time; his positions thereon being: (1) That such deprivation could not, in law, have been a proximate cause of the appellee's loss of the rental value of the trucks during that time, and (2) the court reversibly erred in having refused to submit in connection with those inquiries his specially requested issue, asking whether the appellee, by the exercise or ordinary care, could have otherwise obtained gasoline for the operation of such truck during that period.

These contentions are overruled, on the holding that, under the facts shown to have existed, at that time the appellee could not obtain gasoline lawfully from any other source than the OPA; that he could not get it there, without such coupons in hand at the time, and that, under the jury's finding, appellant had withheld them throughout that stated period.

Indeed, this evidence clearly showed that the appellee fully complied in that behalf with this Court's holding in Bingham v. Johnson, Tex.Civ.App., 7 S.W.2d 665, to the effect that it is the duty of a plaintiff to exercise ordinary care to minimize the loss caused to him by a defendant; in that, by having gone to the OPA—the sole source from which permission to get gasoline could be obtained—and tried to procure other gasoline coupons, which that exclusive authority refused him, he had done all he could.

It follows also, as night the day, that no such truck could be operated without gasoline, hence its absence constituted the "proximate cause", as defined by the court to the jury in connection with these spe-

cial issues, which, without repeating it, is held to have embodied the settled law upon that subject.

In his concluding points 8 and 9 appellant urges that, he having plead that appellee, during the pendency of the cause below, in an abandoned pleading, had admitted that he had received $2,594.25 in partnership funds he had failed to account for to it, the trial court reversibly erred in having submitted the inquiry, first, conditionally, and, second, in having next refused to submit appellant's requested special issue definitely inquiring whether appellee had received such sum of $2,594.25, and had failed to account for one-half thereof to the appellant.

The court, in its special issue 19, had directly inquired whether there was any amount of money belonging to the partnership received by the appellee that was unaccounted for by him to it, and if the jury found there was, then further inquired what amount, if any, did the jury find was received by the appellee belonging to the partnership that had been unaccounted for by him to it, defining, in both inquiries, "money unaccounted for" as meaning "monies received, but neither spent for the benefit of, nor turned into the common fund of the partnership". The jury answered "No" to such special issue 19, hence did not answer its subsidiary one.

■ If there was any error in this action, it seems clear that it was not such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case, within the meaning of Rule 434, Texas Rules of Civil Procedure.

In the first place, as applied to the setting here, this $2594.25 item, as appellant presents it, had been so recited by the appellee to have been received by him in a pleading abandoned by him many months before this trial; and, upon this trial, by undisputed testimony, it was shown to have been so plead by him through a mistake made by a preceding accountant, upon which alone he had acted; indeed, this jury so found.

Not only so, but the able auditor, who served the court in this cause this time, Mr. Milledge, for whom and whose competent work even the appellant here vouches in his brief, as recited supra, when interrogated about this matter, testified that he failed to find any such item; and further, that he had also failed to find any funds unaccounted for by the appellee, after his review of the whole controversy; moreover, the appellee himself testified on this trial that he had failed to find any funds he had not accounted for, and especially denied under oath that he had at any time received any such funds.

In other words, it is held, under the distinctive facts of this case, that these submissions by the court substantially and clearly covered these matters, without the necessity of descending to the specific figures so insisted upon by the appellant. 64 C.J., Page 865, Trials, Par. 699, and authorities cited in foot note 49.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.