**HOUSTON SHELL & CONCRETE CO.**

**v.**

**MINELLA et al.**

No. 12736.

Court of Civil Appeals of Texas.

Galveston.

July 8, 1954.

Rehearing Denied July 29, 1954.

Bracewell & Tunks and Joe H. Reynolds, Houston, for appellant.

Aaron Goldfarb, Houston, for appellees.

CODY, Justice.

This was a suit against Angelo Minella and wife and their contractor, the Century Builders, Inc., who was engaged in constructing for them a residence upon a lot in the City of Houston at the time appellant, a materialman, furnished certain material which was used by the contractor in the partial construction of the residence.

Appellant was plaintiff below, and, as we construe its pleadings, it sought to recover from the lot owners and their contractor the value of the materials which were delivered by appellant upon the property of the lot owners and which were used in the construction of their residence on the ground that appellant sold said materials to the lot owners and their contractor at their special instance and request. In addition appellant relied on estoppel as a ground of recovery alleging in substance that Mr. Minella, the lot owner, represented to appellant, before appellant would deliver the materials to the contractor, that sufficient funds had been placed in the bank and would be available to pay appellant for the materials furnished the contractor. The value of the materials sought to be recovered was $950.65. Appellant, by its pleadings, apparently sought to affix a statutory mechanic's and materialman's lien. We fail to find that appellant urged any right under the mechanic's and materialman's lien contract executed between the lot owners and their contractor. The materiality of this observation will hereafter appear.

Upon the trial the evidence disclosed that the mechanic's and materialman's lien contract executed between the lot owners and their contractor was executed on December 14, 1949. The contract price for building the residence as a "turn-key job" was $13,665, of which $665 was paid in cash upon the execution of the contract. The contract required that the Minellas should obtain a loan commitment for the unpaid balance of the purchase price, and Section (e) of paragraph 5 of the contract (which appellant now contends was made for its benefit as a materialman) reads: "(e) $1,366.50, payable, subject to the following provisions thirty-five days after completion of the house, said amount to be retained by Owner for said thirty-five day period as security for the payment of any and all mechanics' and/or materialmen's liens which may be filed against the premises during the period of thirty days immediately following completion of the house; such amount of said $1,366.50 amount as shall not be required for such purpose shall be paid to Builder thirty-five days after completion of the house." The evidence further disclosed that the contractor abandoned his construction contract and that the Minellas had to take over and complete the residence and that to do so cost them in excess of $6,000 of the contract. At the conclusion of the evidence the court refused the Minellas' motion for a directed verdict, and the cause was submitted to the jury upon three special issues, which, as answered, found:

(1) That appellee, Angelo Minella, represented to appellant that there was on hand in the Houston National Bank sufficient funds with which to pay for the materials to be furnished in the construction of the residence;

(2) That appellant relied upon such representation and so delivered the materials without requiring payment therefor; and,

(3) That but for such reliance appellant would not have delivered said materials.

After the verdict was received, the Minellas presented their motion for judgment notwithstanding the verdict, which was granted, and the court rendered judgment that appellant should recover its debt from the contractor but should take nothing from the Minellas. The contractor has not appealed.

Appellant has predicated its appeal upon three points to the effect: (1) That the

written mechanic's and materialman's lien contract was made for the benefit of materialmen and appellant was consequently entitled to recover thereon, (2) that the oral representations of Mr. Minella that the money was in the bank for the payment of appellant's material, taken in connection with the written mechanic's and materialman's lien contract, made Minella's obligation to pay appellant for the material a direct one and not a collateral one within the statute of frauds, and (3) since Minella falsely represented that money was held in the bank for the payment of appellant's materials and since appellant relied thereon, the Minellas are now estopped to assert the invalidity of the lien upon their claim that there was no money available for the payment of the (statutory) lien at the time it was filed. We must overrule appellant's points.

Under its first point appellant contends that the provision of the contract by which 10% of the contract price, namely $1,366.-50, was intended for the benefit of materialmen and that by virtue of said provision appellant is entitled to have its indebtedness to the extent of $950.65 (being the value of its material used in the construction of appellee's house, and for which appellant has received no pay) paid therefrom, and for that purpose to have a materialman's lien fixed upon said house, and foreclosed.

As indicated above, we find no basis in appellant's pleadings which would authorize such relief to be awarded appellant. But regardless of that, the quoted provision of the contract is, it seems to us, a manifest contrivance to afford the owners protection against having their property encumbered by mechanic's or materialman's liens, and not intended as a contrivance to subject their property to such liens. In Citizens National Bank in Abilene v. Texas & P. Ry. Co., 136 Tex. 333, 339, 150 S.W.2d 1003, 1006, it was held that parties to contracts are presumed to contract for their own benefit and that "a contract will not be construed as having been made for the benefit of a third person unless it clearly appears that such was the intention of the contracting parties. (Authority:)" The Court further stated in the opinion just quoted from, at page 340 of 136 Tex., at page 1007 of 150 S.W.2d, that a contract providing "'for the retention by, or on behalf of, the owner, of the contract price, or a part thereof, until claims for work and materials have been * * * discharged, are construed to be for the benefit of the owner, rather than of laborers, materialmen, or subcontractors, and not to confer on the latter any rights in the fund retained.'" The reason for applying the rule just stated to the case on appeal is even stronger. In the cited case the contractor had fully performed the construction contract and the owner had no property right in the unpaid balance of the contract price which it retained and which it was bound to pay either to the contractor or to some materialman who had furnished the contractor material, etc. Whereas, in the case on appeal, the contractor did not fully perform the construction contract. It abandoned it. And due to the contractor's breach of the contract, the owner was not able to retain any fund as security for the payment of any materialmen's lien. Since, due to the fault of the contractor, no fund could be retained by the owner from money which had been earned by the contractor, the appellant could have no rights in a nonexistent fund. We do not consider the case of James Stewart & Co., Inc., v. Law, 149 Tex. 392, 233 S.W.2d 558, 22 A.L.R.2d 639, in point.

Appellant contends under its second point that appellees defended in the trial court solely upon the ground that the agreement to pay appellant for the material was oral and within the statute of frauds, Section 2 of Art. 3995, Vernon's Ann.Civ.St., that appellees did not deny that their acts and representations to appellant amounted at least to a collateral promise to pay appellant for the material which it supplied and that appellees are consequently liable under the authority of Hacker v. Whitney Dam Lumber & Construction Co., Tex.Civ. App., 225 S.W.2d 225, and such cases,

·holding that where the oral promise of a lot owner to pay the debt of a contractor is confined to a promise to pay such debt to a materialman out of funds in the promissor's hands owing to the contractor, then the oral contract is not within the statute.

Hacker v. Whitney Dam Lumber & Construction Co., supra, is not in point. There is no finding by the jury that Mr. Minella agreed with or represented to appellant that he would pay appellant for the material out of money held by the bank for the construction of the residence. Indeed, the relevant findings by the jury do not purport to do more than state an affirmation by Minella of a present fact, namely, that there was on hand in the bank sufficient funds to pay for the material to be used in the construction. This statement was made on April 8, 1950.

There is no evidence in this case from which it can be inferred that it ever occurred to either the appellant or its representatives, or to Mr. Minella, that the contractor would withdraw money from the bank except to be used in the construction of the residence for Minella. The material which appellant delivered to the contractor, it charged to the contractor on its books. In other words, both appellant and Mr. Minella seem to have considered the contractor's solvency very questionable but appeared not to have questioned the honesty of its representatives. However, appellant points out in its brief on this appeal that the only explanation to account for the contractor's default on his contract with appellees is that the contractor drew money from the bank purportedly to use in constructing appellees' residence but used same to pay debts incurred in other construction. Both appellant and appellees must respectively bear the burden of their misplaced trust. This mistake has cost Mr. Minella in excess of $6,000 of the contract price for the construction of the residence. It has cost appellant $950.65. We know of no way, under the facts of this case, and certainly know of no way under the pleadings of this case, by which the appellant is entitled to

have Mr. Minella indemnify it for the value of the materials used in the residence and for which the appellant has not been paid.

What has been said requires appellant's third point to be overruled.

The judgment of the trial court is affirmed.