**J. A. CANTRELL, Appellant,**

v.

**N. A. GARRETT et al., Appellees.**

No. 13622.

Court of Civil Appeals of Texas.

Houston.

Jan. 26, 1961.

Law Offices of James G. Donovan, Charles L. Laswell, Houston, for appellant.

Malant, Martin, Rafferty & Taylor, Jack H. Taylor, Houston, for appellees.

COLEMAN, Justice.

N. A. Garrett and Earl Garrett sued J. A. Cantrell in the Justice Court, Precinct No. 2, Waller County, Texas, for a debt based on an alleged oral agreement and, in the alternative, on quantum meruit. On appeal to the County Court the case was tried to a jury and, based on findings by the jury, the Court rendered judgment for plaintiffs. Prior to the preparation of the Court's charge, appellant requested in writing that the cause be submitted on special issues. Thereafter the Court submitted the following charge to the jury:

"Special Issue No. 1: Do you find from a preponderance of the evidence, all actions of the defendant and plaintiffs and all circumstances in the case considered, that defendant, J. A. Cantrell, owes plaintiffs, N. A. and Earl Garrett, for the hauling of the thirty loads of gravel? Answer We do or We do not."

to which the jury answered: "We do."

"Special Issue No. 2: If your answer to Special Issue No. 1 is We do, then in what amount do you find defendant, J. A. Cantrell, owes plaintiffs, N. A. and Earl Garrett, for hauling the thirty loads of gravel?"

to which the jury answered: "$150.00."

"Special Issue No. 3: If your answer to Special Issue No. 1 is We do, what do you find is a reasonable attorney's fee, not to exceed $50.00?"

to which the jury answered: "$50.00."

Appellant timely objected to the charge on the ground that the issues submitted to the jury did not permit the jury to substantiate either plaintiffs' theory of re-covery or defendant's theory of defense. After entry of the judgment, appellant filed a motion for new trial, setting up as one ground thereof his contention that the issues submitted amounted to a general charge. The motion for new trial was overruled and appellant assigned as error the refusal of the Court to submit the cause to the jury upon special issues raised by the pleadings and evidence.

Rule 277, Vernon's Annotated Texas Rules of Civil Procedure, provides, in part, as follows:

"In all jury cases the court may submit said cause upon special issues without request of either party, and, upon request of either party, shall submit the cause upon special issues raised by the written pleadings and the evidence in the case, except that, for good cause subject to review or on agreement of the parties, the court may submit the same on a general charge."

Rule 272, Vernon's Annotated Texas Rules of Civil Procedure, provides, in part, as follows:

"The judge shall so frame his charge as to distinctly separate questions of law from questions of fact, * * * and so as to instruct the jury as to the law arising on the facts, and shall only submit controverted questions of fact."

Special Issue No. 1 submitted to the jury by the Trial Court required them to find for one party or the other without any instruction as to the applicable law. It did not inquire as to any ultimate fact issue raised by the pleadings and evidence and constituted a general charge. It is settled that the refusal to submit a cause to the jury on special issues, after proper request, is error. Watson v. Corley, Tex. Civ.App., 226 S.W. 481; Commonwealth Finance Corporation v. Amundson, Tex. Civ.App., 294 S.W. 286; Note, 17 Texas Law Review 521. There appears to be no reason why this case could not properly have been submitted on special issues. In

Hodges on Special Issue Submission in Texas, p. 14, it is stated:

"No case has been found in which an appellate court approved a refusal to employ special issues. The fact that the case is complicated and that there has been a jury disagreement in a previous trial will not constitute sufficient grounds for a refusal to submit special issues, and it is difficult to imagine any circumstances which would be held sufficient."

Appellant assigned as error the refusal of the Court to submit his specially requested issue, reading as follows:

"Do you find from a preponderance of the evidence that defendant, as a reasonable man, believed or should have believed that Arthur Garrett had agreed to pay for the hauling of the thirty loads of gravel? Answer Yes or No.

"Answer————."

■ There is no showing in the record that the requested issue was presented to the Court and by the Court marked "Refused," so as to constitute a bill of exceptions. Neither does the record contain a formal bill of exceptions approved by the Court complaining of the refusal of the Court to submit such specially requested issue. This specially requested issue appears only in appellant's motion for new trial. "If the record does not show that the request was presented to the judge and acted on by him there is nothing for an appellate court to review." McDonald, Texas Civil Practice, Vol. 3, § 12.34, pp. 1155–1156 (citing cases); Rules 272 and 276, Vernon's Annotated Texas Rules of Civil Procedure. The findings of fact of the Trial Court contained in the transcript do not quote the requested issue and under such circumstances this Court is unable to say that the requested issue was in substantially correct form.

The issue as presented to the Trial Court must be in substantially correct form. Rule 279, Vernon's Annotated Texas Rules of Civil Procedure; Hodges on Special Issue Submission in Texas, § 66, pp. 164–165.

Chief Justice Fly, in the case of Barrow v. Booth, Tex.Civ.App., 227 S.W. 1113, states:

"The law as to quantum meruit rests on the principle that a person will be compelled to pay for services if he stands by and permits another to render such services, under such circumstances as to convince any reasonable man that they were being done with the expectation of being paid for them, and no effort is made to prevent the rendition of such services. *This proposition of law is based upon the knowledge of the person served that the services were being rendered for him, and not some other person* (emphasis supplied), and liability will depend upon the facts of each case."

■■ Here the evidence clearly raises a question as to whether appellant, as a reasonable man under the same or similar circumstances, accepted the services of appellees under the belief that they were being rendered for the benefit of Arthur Garrett. Under the facts presented in this record, we do not believe that the cases cited by appellees dealing with quasi or constructive contracts are applicable. "Contracts implied by law, otherwise called quasi or constructive contracts, are obligations created by law for reasons of justice." Texas Jur., Vol. 10–A, Contracts, p. 22. Until the disputed questions of fact are resolved by the jury or the Trial Court, such rule of law cannot be invoked.

Reversed and remanded.