Jim SIMON and Dr. Tom G. Hatfield,
Petitioners,

v.

L. D. BRINKMAN & CO. et al., Respondents.

No. 4868.

Court of Civil Appeals of Texas.

Waco.

Dec. 5, 1969.

On the Merits Dec. 11, 1969.

On Second Motion to Dismiss Jan. 8, 1970.

the identical funds which had been deposited in lieu of bond on the prior appeal which was not dismissed until October. Consequently, it urges, these funds were not available for a new cash deposit in September, because they were exclusively subject to costs in an appeal which was still pending. Therefore, respondent says, no cash deposit in lieu of writ of error bond was made, at least until after the time for making the deposit under Rule 356(a) and Art. 2255, Vernon's Ann.Civ.St.

Under the present status of the record, by the district clerk's certificate of cash deposit on September 11, the writ of error is perfected, and respondents motion to dismiss, being untenable, is overruled.[1]

Harvey L. Davis, Dallas, for petitioners.

Ray Williamson, John Emmett, Dallas, for respondents.

## OPINION OVERRULING APPELLEE'S MOTION TO DISMISS WRIT OF ERROR

WILSON, Justice.

Petitioners originally attempted to appeal from the judgment in this case, but the appeal was dismissed in October, 1969. The petition for writ of error was filed in the trial court on September 9, 1969. There appears in the transcript a certificate by the district clerk that a cash deposit in lieu of bond was filed by petitioner on September 11 in connection with the petition for writ of error.

Respondent's motion to dismiss the writ of error asserts that the funds which the district clerk certified were deposited on September 11 in lieu of bond were actually

## OPINION

### On the Merits

Defendants appeal from a nihil dicit judgment. This action was originally brought solely against a defendant, Quality Contractors on a verified account. That defendant was apparently adjudged bankrupt, and plaintiff filed an amended petition joining appellants as defendants. On the day the case was called for trial plaintiff took a nonsuit as to Quality Contractors, and appellants having failed to appear, heard evidence and rendered judgment against them in the sum for which Quality Contractors was originally sued on the sworn account.

Three weeks after the nihil dicit judgment was rendered against them appellants filed a verified motion to set it aside. This

---

1. In oral arguments respondent's counsel proposed to file a supplemental transcript showing the funds used as a cash deposit in lieu of bond were earmarked for the appeal and not available for the writ of error. If this fact is shown, in our opinion, it would be such irregularity or defect as could be cured by another certificate relating to deposit now of the same funds, which were freed by the October dismissal order, or other funds. Rule 365 provides this court may require additional bond or security where the bond is insufficient. The ownership, source of, and rights in the funds which the clerk certifies were deposited are not matters of concern to us as a matter of jurisdiction. Whether the clerk had a right to accept or use the funds in question in so far as the original appeal, now dismissed, is concerned is now entirely moot, and some funds having been deposited, whether rightfully or not, any irregularity is now subject to correction. Since this question is not now directly before us, we can only deal with it as an academic matter for such benefit as it may be to the litigants. Rule 336 provides for correction or amendment of "irregularities in the procedure incident" to appeals.

motion alleged appellants did not attend the trial because, having learned of the bankruptcy, they assumed the case would be passed because it would be necessary to substitute parties and attorneys for Quality Contractors. They alleged they had a bona fide defense to the action; that they had never ordered any goods described in the petition from plaintiff; that appellants had already paid Quality Contractors for those goods; that Quality had simply defaulted in payments to suppliers on a construction job. The court heard argument on this motion, and it was overruled. Judgment was for the amount of the verified account and attorneys fees. The judgment nihil dicit recited notice to appellants of the setting, dismissal of Quality Contractors, failure of appellants to appear, and the hearing of full and sufficient evidence.

Plaintiff's amended pleading against appellants (having alleged plaintiff had sold and delivered the material itemized to Quality Contractors at the latter's request, for which judgment against the contractor was sought) averred "in the alternative" that the material so itemized was delivered to appellants' restaurant building, and "it was to the benefit and enrichment" of appellants. Judgment was prayed against appellant for its value in the amount of the verified account, and attorneys fees.

At the time the judgment was rendered appellants had on file an answer containing numerous exceptions which had not been presented at the time of the judgment. They pleaded they had never ordered, bought or received from plaintiff the material described, and that if it had been delivered to Quality Contractors appellants had paid Quality for it under their construction contract with the contractor, on completion of the work. Neither the filing of these pleadings nor their allegations, of course, militated against rendition of the judgment.

■ Plaintiff did not allege a cause of action against appellants. It says its pleaded theory of recovery was "unjust enrichment".

No conclusions or facts which may be said to constitute an express or implied contract are alleged, except those to the effect that the material was delivered to appellants and was to their "benefit and enrichment". Plaintiff does not allege an action founded on quantum meruit. That cause of action is founded on the principle that it is inequitable for one to refuse to pay for benefits received or work performed and accepted with his knowledge and consent by a person who should expect remuneration therefor from him. See Parks v. Kelley, Tex.Civ. App., 147 S.W.2d 821, 822; 62 Tex.Jur.2d., Work, Labor and Materials, Sec. 4, p. 471.

■ Recovery under the equitable theory of unjust enrichment rests upon and presupposes an express or implied contract. An owner of property is not even rendered liable for services and material "by the single fact that such services and materials were expended on his property with his knowledge and without objection on his part". The "doctrine of unjust enrichment, as applied to such claims, finds its basis not so much in benefit to the property as in the theory of some express or implied contractual relationship between claimant and owner". 98 C.J.S. Work and Labor § 1, p. 720.

■ Here the pleading does not intimate that there was any reasonable expectation or grounds to expect appellants, as distinguished from the contractor, were to pay for the materials. There is no allegation of the contractor's agency for the appellant owners. It is essential that the materials were furnished under the reasonable expectation that they would be paid for, not by another but "by the person sought to be charged". 98 C.J.S. Work and Labor § 8, p. 724. See Houston Shell and Concrete Co. v. Minella, Tex.Civ.App., 269 S.W.2d 953, writ ref. n. r. e. This prerequisite element is not suggested in the pleading.

Recovery on quantum meruit in this case is dependent upon appellants' knowledge that the services were being rendered for them *and not some other person*", such as

the contractor. Cantrell v. Garrett, Tex. Civ.App., 342 S.W.2d 466; Barrow v. Booth, Tex.Civ.App., 227 S.W. 1113; 10 Tex.Jur.2d, Building Contracts, Sec. 53, p. 59.

 Appellee replies that since appellants did not present their exceptions they waived any defect of form or substance in plaintiffs pleading under Rule 90, Texas Rules of Civil Procedure. That rule expressly provides it "shall not apply as to any party against whom default judgment is rendered". A nihil dicit judgment is included in this exception. Goodlett v. Stamps, 29 Tex. 121, 123; 33 Tex.Jur.2d, Judgments, Sec. 130, p. 652.

We recognize that a pleading need not "be technically sufficient to state a cause of action in order to sustain a default". Edwards Feed Mill, Inc. v. Johnson, 158 Tex. 313, 311 S.W.2d 232. But the Supreme Court holds: "In order to support such a judgment, it is essential that the petition show a good cause of action". Griswold v. Carlson, 151 Tex. 246, 249 S.W.2d 58. These holdings do not conflict. They are harmonized by applying the policy and the test permeating the Texas system of pleading stated in Rule 45, Texas Rules of Civil Procedure as to whether "fair notice to the opponent is given by the allegations as a whole".

Here the petition alleges only (1) that the goods "were delivered" to defendants, (2) "were to the benefit and enrichment of their restaurant business", and they were "unjustly enriched" in the amount sued for. This pleading, in our opinion will not support a default judgment. Reversed and remanded.

### OPINION ON RESPONDENT'S SECOND MOTION TO DISMISS

By supplemental transcript, now filed, consisting of a certificate by the District Clerk, it appears that the only cash deposit made in the trial court by petitioners was a cash deposit "in lieu of appeal bond" made May 28, 1969 in the attempted appeal which was abandoned and dismissed. The clerk now certifies that the petition for writ of error was filed on September 11, 1969, but no cash deposit in lieu of bond was deposited or filed. We are therefore confronted with a record showing the attempted removal by writ of error was not perfected as required by Rule 361.

If there had been such a deposit any formal insufficiency or informality concerning it might have been corrected under the provisions of Rule 365. Here there was no deposit, under the record, which could be the subject of addition or correction.

A test for determining whether there is a deposit in lieu of bond is whether there is timely deposited and on hand a fund in the custody and control of the clerk which could be directly subjected to payment in the writ of error proceedings in the event this court or the Supreme Court should decide that respondent is entitled to recover. Obviously such a fund does not exist.

We recognize the Rules relating to appellate procedure should be liberally construed to afford review, Bay v. Mecom, (Tex.Sup.1965) 393 S.W.2d 819, but after careful consideration it is our opinion that we are without jurisdiction. The writ of error is dismissed, as is respondent's motion for rehearing.