**Reynolds FAULK, Appellant,**

v.

**Alfred D. PRUSKE, Appellee.**

No. 14828.

Court of Civil Appeals of Texas, San Antonio.

Feb. 18, 1970.

Wolff & Wolff, San Antonio, for appellant.

Saunders & Saunders, Don W. Saunders, San Antonio, for appellee.

BARROW, Chief Justice.

Appellee, Alfred D. Pruske, brought this suit against appellant, Reynolds Faulk d/b/a Reynolds Faulk Investment Company, to recover for labor and materials allegedly furnished by appellee as sheetrock contractor on an apartment complex constructed by appellant as owner and general contractor. Judgment was rendered on May 27, 1969, after a jury trial, whereby Pruske recovered the sum of $569.20, plus a reasonable attorney's fee of $250.00. On July 30, 1969, an order was entered providing for a remittitur of the attorney's fee, but otherwise overruling Faulk's motion for new trial which was filed on May 27, 1969.

On September 1, 1967, Faulk accepted a written proposal submitted by Pruske on August 23, 1967, to perform certain sheetrock work on an apartment complex to be built by Faulk pursuant to architectural plans. Pruske's bid was for $30,982.00, with the provision that any savings made on the allocation of $300.00 for special handling of sheetrock would be rebated to Faulk. Pruske sued on the written contract and on a quantum meruit for extras performed in addition to the work required by his contract. Although the jury issue inquired as to both the contract and extras performed, evidence was offered relating only to extras allegedly performed by Pruske. These extras consisted of several different items, such as covering additional firewalls, redoing thirteen bathrooms because of defects in the walls, finishing hot water closets in lieu of leaving same raw as provided in the original plans, repairing two holes in a kitchen caused by an errant bulldozer operator working on the paving, and repairing damage to heater and air conditioning closets caused by a subcontractor. Faulk denied that much of this work testified to by Pruske was actually performed or could properly be classified as extras. Faulk further denied that he was obligated to pay for some of this work actually performed. He was corroborated in part by the fact that Pruske's first statement sent Faulk after completion of the job asked for a much smaller amount.

Faulk asserts three assignments of error on this appeal. He urges that the trial court improperly submitted the disputed issues of fact to the jury in the form of a general charge over his objections. His second point conditionally seeks a remittitur of the attorney's fee in the event the trial court lacked jurisdiction to grant the remittitur on July 20, 1969. Under his third point, Faulk urges that there is insufficient evidence to support the jury finding of $569.20, in that some of the items sought by Pruske were not proven.

The liability issues were submitted as follows:

No. 1. "Do you find from a preponderance of the evidence that the defend-

ant, Reynolds Faulk, is indebted to plaintiff, Alfred D. Pruske, for any sum of money by reason of said contract of August 23, 1967, either on the original contract or for extras furnished by plaintiff to defendant, if any?"

No. 2. "From a preponderance of the evidence, what amount, if any, do you find that defendant is indebted to the plaintiff by reason of said contract of August 23, 1967?"

These issues amounted to a general charge. Cantrell v. Garrett, 342 S.W.2d 466 (Tex.Civ.App.—Houston 1961, no writ), is on all fours with our case. It was there held that similar issues did not inquire as to any ultimate fact issue raised by the pleadings and evidence and constituted a general charge. Such error required a reversal and remand of the judgment for plaintiff on his account. See also: Rule 277, Texas Rules of Civil Procedure; Coursen v. Goodloe, 267 S.W.2d 259 (Tex. Civ.App.—Waco 1954, no writ); Hodges, Special Issue Submission in Texas 14; 17 Texas Law Review 521. Under these holdings, the trial court erred in submitting, over Faulk's timely objection, the disputed fact issues in this cause as a general charge.

Pruske urges that any error in the submission of Questions Nos. 1 and 2 was cured by the jury's finding to Question No. 4, to the effect that Pruske did not accept Faulk's check for $790.41 in full settlement of his claim under the contract of August 23, 1967, and for extras furnished by Pruske. The evidence established that on May 2, 1968, Faulk delivered his check to Pruske in the amount of $790.-41, with this notation: "Endorsement of this check constitutes payment in full for all labor and material furnished on Tarry Towne Apts., 315 Vance Jackson Road, Under Contract dated Aug. 23, 1967." Pruske testified, however, that this check was accepted and endorsed with the understanding that such acceptance did not waive his claim for extras. Obviously such finding to Question No. 4 did not

establish the amounts, if any, owed for the various extras Pruske testified that he performed, or that Faulk is obligated for same on a quantum meruit. This finding does not cure the error in overruling Faulk's objections to the submission of the case on a general charge.

This error requires a retrial of the case and therefore it is not necessary to consider Faulk's alternative points regarding sufficiency of the evidence.

The judgment of the trial court is reversed and the cause remanded for a new trial.